My name is Palmer Hubestall. I'm an attorney from Helena, Montana Where I am on the CJA panel, and I regularly practice in front of the Ninth Circuit Court of Appeals This is my first time in the Fourth Circuit, and it's a pleasure to be here This is the Miller Act case on the court's Agenda for this morning and as the court knows the Miller Act requires Prime contractors on federal government contracts to obtain a payment bond That guarantees payment for material suppliers and subcontractors in the event that there is a default and they don't get paid in essence These material suppliers can make a claim against the payment bond But there are two requirements Before they can avail themselves of the remedies guaranteed by the Miller Act and the first requirement is that there is a direct Contractual relationship with the prime contractor or secondly a direct contractual relationship with the subcontractor to the contractor and this court Issued a warning in the global building supplies case and it's cited in the briefs But it stated that parties contracting with others who can either produce a contract With the government or produce a contract with a subcontractor Who can in turn produce a contract government contract will have the insurance of a Miller Act remedy All other parties will have the assurance of its lack and the incentive to order their affairs accordingly That is this case exactly this court issued a warning to people or to Suppliers who do not have privity a contract with either prime contractor or the subcontractor In this case, it's our contention that the district court erred By finding his existence of a direct contractual relationship with Greenway Enterprises the prime contractor and Greenway's subcontractor LCJ and associates which is an LLC Who are you suggesting that? L&W had the contractual relationship with LC property improvements each and every one of contemporaneous documents Created as the events unfolded and as the events occurred all show that LC property improvements Was the party to whom the materials were provided? It looks like you're playing a little bit of a shell game to avoid paying these people. We already paid LCJ and associates That's the materials have already been paid by Greenway Enterprises. It's it's a matter of That L&W had not had not been paid to the tune of $64,000 that's correct. LCJ did not pay L&W LCJ is the subcontractor to Greenway Greenway paid our subcontractor LCJ and associates Was there any prohibition on There being two contractual parties that the sole proprietorship was a contractor and so was the limited liability company Well, I don't know that there was a Prohibition, but I think that these are two clearly separate entities as a matter of fact I mean we have miss and mutter or mrs. Hubbard at the time who? Even if they're separate entities, there are certainly facts in the record that establish some kind of relationship between the limited liability company and the supplier I mean overall there were there were checks that went from the limited liability company to the supplier there were other types of inquiries by fax or Email related to the construction project. So it's not like the records devoid of Some relationship Well, I respectfully disagree. And the reason that I disagree is the only the absolutely only document The absolutely only contemporaneous document that was prepared that showed any kind of relationship between LCJ the subcontractor on L&W supply the supplier was a fax from Charles mutter who basically says hey, give me a price quote for these materials But didn't they all have the same employees use the same office equipment vehicles receive payment On the LC property account made by LCJ company checks and use the materials supplied by L&W on the Warrington Training project. Yes, that's correct. It's it seems less that they are distinct than they are One is a continuation of the other With this errant stationary But it's somewhat sloppiness that someone forgot to take care of I think your honor that the the record is absolutely devoid Completely devoid there. You can't say that because I've just given you a list of factors that Strongly suggest a relationship what I was You can quibble with The quantum of evidence, but you certainly can't say it's devoid No what I'm saying your honor is that It is devoid of any evidence that LC properties ever ceased to exist or that LC properties became LCJ and associates granted. They're the same people. I Think it makes a huge difference in terms of contracting for Miller rack purposes You got to have a contract with a legal entity and if there is a separate contract that breaks that privity then They're they cannot avail themselves of the Miller act remedies Why why couldn't the district court correctly conclude? That LCJ and associates was a successor of LC property that it was one in the same But simply a successor of the former because there is no evidence that LC properties Ever ceased to exist or that it ever dissolved or that it ever There's no prohibition under corporate law in Virginia that Joe Jones can certainly file an assumed name certificate operate as a sole proprietorship and Also incorporate another entity and carry on a business They may be parallel. I mean, there's no legal prohibition under Virginia law to stop that No, I don't think that there's any prohibition But I think that in terms of I mean an LLC is separate and apart from its members That's that's clear under Virginia law. And if a member has a contract with a supply company That does not necessarily Cause a contractual relationship between the LLC and the supply company and I think that's the distinction But you when you ordered supplies from L&W You made orders in the name president murder. Didn't he made orders in the name of LCJ? He did not make orders in the name of LCJ district court found. Otherwise Strike that answer if I have the courts question, correct Mr. Mudder made orders of materials in the name of LCJ from L&W supply But didn't mr. Mudder make orders in the name when he ordered supplies from L&W Didn't he make those orders in the name of LCJ? I don't think that we have that in the record again All he does all that fax says is please give me a price quote So they gave him the price quote and his response was thank you. He didn't say Great. I'll take him send the deliver the materials over to us The fax doesn't say that what about all the payments coming from the limited liability company and in that regard the the Apple II makes an alternative argument that Even if there were separate entities that the relationship between the limited liability company and the supplier Was simply an open account and that's that's a valid contractual relationship proved by among other things payment for goods on the open account by the limited liability company, but why isn't that a valid contractual relationship proved under the Miller Act because of course the the the contract is created by an offer and acceptance and I think that there's no evidence of an offer by LCJ or Acceptance by L&W or vice versa. I think that one party can pay another party without creating a contractual relationship between the two parties and the example that I use for example Since I'm on a CJA panel was I can represent a client the government pays my bill But I still don't have a contractual relationship or the attorney-client relationship pay for materials as LCJ Um, isn't that evidence of a contractual relationship? I think it could be evidence of a contractual relationship, but not the entire Bit of evidence and you order supplies in the name of LCJ and you pay for those supplies in the name of LCJ Then you have a supply contract if you order but that's lacking in this record This is a game of dodgeball and it's a shell game No, your honor to avoid paying these people what they're due. They they handed over the Supplies to you and the president mutter Who was the LCJ's mutter was the one that was was dealing with L&W, I mean he was a guy that was dealing and he's a president He's the one they're dealing with and he's the president of LCJ And he's the guy they're dealing with that's correct, but he doesn't want to pay him it's not a shell game This is a Miller at case. This is the global building supply not a shell game because it's been exposed but the the He is the one that they're dealing with they are dealing with the president of LCJ They're getting The orders are made by the president of LCJ the payments are made for those orders supplies to LC jet The district court says yeah, if it looks like a doctor's walks like a doctor's is walking like LCJ. This is LCJ and so there's They it's it seems to me that These folks ought to be paid for the supplies that they tendered and reasonably believe that they were dealing with LCJ and whole you know the whole point of the Miller Act is that you want Subcontractors and suppliers To be paid for the supplies that they furnish. Otherwise government contracting just sort of Grinds to a halt when you have to go through this kind of litigation simply to be paid for what as far as I can determine from this record these people tendered in good faith and The whole as I say the whole purpose of the Miller Act is to have government Contracting run smoothly and it's not running smoothly when you come up here and try to play hide-and-seek With the district court and with this with with this court and It just goes it just runs counter to the whole grain of the of a statute which runs on the premise that when people Furnish supplies. Well, they ought to be paid and you're doing everything in your power not to pay Two things your honor Greenway did pay for those materials We paid the subcontractor so they have we have been we have paid them. The second thing is I respectfully just court didn't thank you Well, we did and we we represented that evidentiary matter that isn't before right? the second thing is Lcd or LNW supply did not Always think that they were dealing with LCJ you look at the in its appendix Appendix number 46 you look at the credit limit extension It talks about LC property. It identifies Greenway as the prime contractor. It identifies the contract They were dealing and they knew they were dealing with LC properties Are you the Greenway attorney who said I thought memorably that there's a lot of L's in this case. Yes, your honor And we're fighting over $64,000 Greenway is a small company and $64,000 is a lot of money to Greenway The court has no more questions I will Please the court Jim Judkins your honor. I will be very brief the the court's questions have amply Demonstrated that the courts reviewed the briefs. It's interesting even judge Ellis in the pretrial conference used the word isn't this a sleight of hand and I just thought that was a That was early on in the case. That was his characterization before the before we even really got started and that's similar to the phrasing that This court has used The bottom line is if we look at the affidavit from mr. Mudder the president of the company he recites Basically, they set up LC property sole proprietorship in haste and then again doing business as the LLC It was a little sloppy, but it right it took on a life of its own. So there was really in his view no need to formally kill off and inter the sole Proprietorship because in his somewhat uninformed view it had morphed into the LLC going forward the word morphed is a word I thought of yesterday. Yes, that's exactly what it is And as he says in paragraph 27 on appendix 301 LC property and LCJ associates are one in the same company It doesn't get any simpler than that it was more of a paperwork snafu and they my client Ellen W really hadn't been advised of this changeover and that's why these Invoices for a long time remained in the old company name, but they're one in the same company They are the same company and that's there's been no evidence to suggest that there's anything else but that and I would ask that the Summary judgment be affirmed This is under the Miller Act a successor entity or that there was a Separate open account between Ellen W supply and the limited liability company or both. I Think I think that it's really the successor company, but it's the same company there were there weren't really two companies it is the same company and the Contract it's the application was was submitted under LC property within three weeks. They said oh, this is not a good idea Let's set up the LCJ. So I think the answer your question is that it is one in the same company the successor I Thank you, sir. Thank you, Your Honor The Miller Act is remedial, but it also protects Contractors it also contracts general con protects general contractors when the privity is too remote So I think it helps general contractors as well Secondly, this is not a sleight of hand. It's the global building supply case. I think as a matter of law clearly a sole proprietorship and an LLC are two separate entities and Of course the bullet gold building supply is a case where this court refused to collapse the corporate entities. Yeah, so That's my rebuttal Council moving to our final case
judges: J. Harvie Wilkinson III, Allyson K. Duncan, G. Steven Agee